PEOPLES TRUST CO., JOSEPH F. BECKER AND GEORGE H. SHEVLIN, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF JAMES SHEVLIN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12375. Promulgated July 16, 1928.

*Cyrus S. Jullien, Esq.*, and *R. B. H. Lyon, Esq.*, for the petitioners.
*Frank S. Easby-Smith, Esq.*, for the respondent.

## OPINION.

ARUNDELL: Neither any documentary or oral evidence was offered at the hearing, and our findings of fact are taken from the allegations of the petition which are admitted by the respondent and from stipulations read into the record. The facts we have to work on are decidedly meagre. We do not know whether the money that decedent put into the Jersey City Enterprise was an investment or whether it was a loan. In the petition the item of $350,000 is sought to be deducted as a bad debt, while at the hearing counsel for the petitioners claimed it as a " loss of investment," stating that, " It was a contribution to a joint enterprise." Furthermore, it appears that the litigation which was compromised in 1919 involved other enterprises in which decedent was interested and we are not informed as to whether the amount he lost in those was a loss on an investment or a bad debt.

The theory back of the claim for a deduction from 1920 income, as stated by counsel for petitioners, is that the full amount was not ascertained until the counsel fee was agreed upon and paid in 1920.

The counsel fee paid was no part of the amount of the loss or bad debt ascertained in 1919. We know of no basis for carrying over from one year to the next a loss sustained or a bad debt ascertained to be worthless in the earlier year, merely because expenses of litigation were not paid until later. The respondent's disallowance of the claimed bad debt deduction for 1920 is sustained.

Counsel for respondent conceded at the hearing that the $10,000 counsel fee paid in 1920 constitutes a proper deduction in determining 1920 income. Accordingly, it should be allowed.

*Judgment will be entered under Rule 50.*